IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

2018 APR 25 P 2: 09

| | |
|---|---|
| CASA DE MARYLAND, INC, *et al.*, | * |
| Plaintiffs, | * Case No.: GJH-18-845 |
| v. | * |
| DONALD J. TRUMP, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

On March 23, 2018, Plaintiffs Casa de Maryland, Inc. and Jose E. Guevara, Juan Rodriguez, and Luis Andrade (collectively, "Individual Plaintiffs") filed an action seeking to enjoin the United States Government from terminating El Salvador's designation as a Temporary Protected Status ("TPS") country, alleging that the Government's decision to do so violates the Equal Protection Clause and Substantive Due Process provisions of the Fifth Amendment, U.S. Const. amend. V, the Immigration and Nationality Act, 8 U.S.C. §§ 1101–1537, and the Administrative Procedure Act, 5 U.S.C. §§ 701–706. Pending before the Court is Individual Plaintiffs' unopposed[1] Motion for Permission to Omit Their Home Addresses from Caption. ECF No. 2. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion is granted.

---

[1] Counsel for the respective Defendants have not yet entered appearances or responded to the Complaint, and their time to do so has not elapsed. Defendants may seek reconsideration of this Order within 14 days of their initial responsive pleading if they choose.

1

I. **DISCUSSION**

Individual Plaintiffs request that the Court redact their home addresses and counties of residence from the publically-filed version of their Complaint, fearing that they "would face a real risk of harassment or retaliation" if such information was made publically available. ECF No. 2 at 1–2.[2] This Court's Local Rules require that complaints "shall contain the names and address of all parties and the county of residence of any Maryland party." *See* Loc. R. 102.2(a) (2016). Similarly, the Federal Rules of Civil Procedure require that the identities of the parties to a case be disclosed. *See Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing Fed. R. Civ. P. 10(a)). These requirements serve the public's important interest in open judicial proceedings; however, "in exceptional circumstances, compelling concerns relating to personal privacy or confidentially may warrant some degree of anonymity in judicial proceedings." *See id.* The Fourth Circuit has set forth the following nonexclusive factors for district courts to consider when weighing the need for open judicial proceedings against a litigant's concern for privacy:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*See id.* (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).[3] The Court finds that these factors weigh in favor of allowing Individual Plaintiffs to omit their addresses and counties of record from the publically-filed version of their Complaint.

Individual Plaintiffs do not seek to hide their addresses and countries of record from public view merely to escape the ridicule and harassment that may be associated with filing suit against the Government. *See Public Citizen*, 749 F.3d at 274–75 (citing *Jacobson*, 6 F.3d at 238 (plaintiffs may not use a pseudonym to prevent reputational or economic interests or "merely to avoid the annoyance and criticism that may attend . . . litigation"). Rather, Individual Plaintiffs suggest that "there is considerable public animus against immigrants, and their safety could be compromised if the public were allowed to know their home addresses and counties of residence." ECF No. 2 at 2. While Individual Defendants' Complaint alleges that the Government's decision to rescind El Salvador's TPS designation is motivated by bias against Latino immigrants, ECF No. 1 ¶ 56, their exposure to threats of violence, at present, is only speculative. However, Individual Plaintiffs' fears associated with making their addresses publically available in a case challenging the rescission of their lawful immigration status are nonetheless legitimate. *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (threats of violence generated by this case, in conjunction with the other factors weighing in favor of maintaining [plaintiffs'] anonymity, tip the balance against the customary practice of judicial openness); *see also Hispanic Interest Coalition of Alabama v. Governor of Alabama*, 691 F.3d 1236, 1247 (11th Cir. 2012) (noting that revealing illegal immigration status could expose one to harassment and intimidation).

---

[3] Both *Jacobson* and *Public Citizen* considered whether a litigant may proceed under a pseudonym, not whether a litigant may redact his or her address of record. While disclosure of a litigant's address does not impose the same burden on the openness of judicial proceedings as the use of a pseudonym does, the Court finds *Jacobson* and *Public Citizen* instructive.

On the other hand, the countervailing public interest in disclosing Individual Plaintiffs' addresses is slight and does not justify exposing them to the risk of excessive harassment or violent reprisals. While the public has an interest in knowing the names of the litigants, an interest further heightened because Individual Plaintiffs sued the Government, *Public Citizen*, 749 F.3d at 273, Individual Plaintiffs' addresses and counties of record are of minimal import to furthering the openness of judicial proceedings.[4]

The Court has not evaluated the merits of Plaintiffs' claims, but it is unclear how Individual Plaintiffs' addresses will be relevant to any questions of law or fact that the Court must resolve. *See id.* (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (noting that "the public has an important interest in access to legal proceedings, particularly those attacking . . . properly enacted legislation")); *see also International Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017) ("the public interest in the identity of the [plaintiffs] is reduced because the claim is a pure legal challenge [to the Government action] such that the individual plaintiffs play only a minor role in the litigation.").

Furthermore, the Court has no basis to conclude that allowing the Individual Defendants to proceed with their addresses shielded from public view will prejudice the Government in any way.[5] *Cf. Roe v. CVS Caremark Corp.*, No. 4:13-cv-3481-RBH, 2014 WL 12608588, at *3 (D.S.C. Sept. 11, 2014) (allowing plaintiff to proceed under pseudonym would prejudice defendants because they may not be able to fully respond to the complaint due to the uncertainty of plaintiff's identity and unfamiliarity with the background giving rise to the suit). And unlike private parties, the Government is not vulnerable to the reputation and economic harm associated

---

[4] Notably, only the Local Rules, not the Federal Rules of Civil Procedure, require plaintiffs to provide their address and county of record.
[5] Individual Plaintiffs' do not oppose providing their addresses and counties of residence to the Government under protective order. ECF No. 2 at 3.

4

with having a suit filed against it such that the Court would need to require full disclosure of a plaintiff's identity in the interest of fairness. *International Refugee Assistance Project*, 2017 WL 818255 at *3 (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). Therefore, the Court concludes that Individual Plaintiffs' need to conceal their addresses and counties of records weighs against the need for such information to be publically disclosed.

**II.  CONCLUSION**

For the foregoing reasons, Individual Plaintiffs' Motion for Permission to Omit their Home Addresses from Caption, ECF No. 2, shall be granted. A separate Order follows.

Dated: April 25, 2018

GEORGE J. HAZEL
United States District Judge