
FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

'32 PM 2: 13

CLERK'S OFFICE
AT GREENBELT

BY _____ JW/ _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CASA de MARYLAND, INC., et al.,           )
                                          )
    Plaintiffs,                            )
                                          )
v.                                        )    Case No. GJH-18-cv-845
                                          )
DONALD J. TRUMP, in his official capacity )
as President of the United States, et al.,  )
                                          )
    Defendants.                            )
_____ )

### STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER

**WHEREAS**, on March 23, 2018, Plaintiffs filed the above-captioned action;

**WHEREAS**, in this Action, Plaintiffs challenge the termination of Temporary Protected Status for El Salvador;

**WHEREAS**, on November 28, 2018, the Court granted in part and denied in part Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), *see* ECF No. 44;

**WHEREAS**, the parties have been engaging in discovery; and

**WHEREAS**, Defendants have determined that certain responsive documents contain information that they wish to protect as described herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for Plaintiffs and Defendants, as follows:

**I.    Protected Information**

1. As used herein, the term "Protected Information" means non-privileged information that Defendants designate for protection, including official/organizational and personal e-mail addresses, phone numbers, and addresses of government personnel; website links internal to the Government; information considered by Defendants to be non-responsive; and information designated by Defendants as sensitive on the ground that dissemination could constitute an undue intrusion into personal privacy or impose undue annoyance, embarrassment, or oppression within the meaning of Federal Rule of Civil Procedure 26(c)(1).

2. To allow Defendants to redact Protected Information from produced documents before produced documents are filed with the Court, the parties agree to the following procedure:

   a) Where Plaintiffs make a motion or other filing with exhibits, Plaintiffs shall first file the motion or other document without the exhibits and immediately thereafter serve the exhibits on Defendants by e-mail so that Defendants may redact Protected Information.

   b) Defendants shall review and make redactions of any information they seek to designate as Protected Information and transmit the exhibits as redacted to Plaintiffs by e-mail within five business days of service of the exhibits.

   c) Plaintiffs shall within five business days file the exhibits as redacted by Defendants, linking them in the court's electronic case filing

system to the motion or other filing to which they relate, unless Plaintiffs dispute whether redacted information constitutes Protected Information or whether certain Protected Information should be left unredacted in an exhibit.

d) Should the parties disagree as to whether any information in the exhibits should be redacted, the parties shall meet and confer in an effort to resolve the disagreement. If the parties are unable to resolve the disagreement, Plaintiffs may move for a determination by the Court of whether the information in dispute constitutes Protected Information, or may move to file the exhibits under seal.

e) The delayed filing of exhibits pursuant to this provision shall not affect the deadline for Defendants' response to a motion or other document by Plaintiffs, which deadline shall run from the filing of the motion.

3. To allow Defendants to redact Protected Information from produced documents before produced documents are otherwise disseminated, the parties agree to the following procedure:

a) Before Plaintiffs otherwise disclose produced documents they will serve the documents on Defendants by e-mail so that Defendants may redact Protected Information.

b) Defendants shall review and make redactions of any information they seek to designate as Protected Information and transmit the documents as redacted to Plaintiffs by e-mail within 14 days of service of the documents. To the extent that Plaintiffs propose dissemination of a

large volume of documents, the parties may reach agreement between themselves, without involving the Court, on the amount of time Defendants have to make any necessary redactions.

c) Should the parties disagree as to whether any information in the exhibits should be redacted or on the timeline for Defendants to make any necessary redactions, the parties shall meet and confer in an effort to resolve the disagreement. If the parties are unable to resolve the disagreement, Plaintiffs may move for a determination by the Court of whether the information in dispute constitutes Protected Information or on the timeline for Defendants to make any necessary redactions.

4. Plaintiffs may disseminate Protected Information in unredacted form to and between their attorneys and agents in this action, including any expert or consultant who is expressly retained to assist in connection with the this action ("Plaintiffs' Agents"). The undersigned Counsel shall require Plaintiffs' Agents receiving such documents to manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed "Acknowledgment Of Stipulation And Protective Order" prior to being afforded access to any such materials.

5. Plaintiffs shall not otherwise disseminate Protected Information.

## II. **Fed. R. Evid. 502(d) Provision**

6. For purposes of this provision, "document" includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B). "Documents produced" includes all documents made available for review or produced in any manner during this litigation.

7. This provision governs those procedures that shall be used in the event of an inadvertent production of a document during this litigation. Inadvertent production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or any other proceeding. This Stipulation and Order applies to attorney-client privilege and work-product protections, as well as all other protections afforded by Federal Rule of Civil Procedure 26(b) and any other applicable privilege. Nothing in this Stipulation and Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this agreement shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection. Nothing in this agreement shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

8. If a party discovers a document (or any part thereof) produced by another party that it believes to be privileged or otherwise protected and that has not been designated as privileged or protected by this Stipulation and Order, the receiving party shall promptly notify the producing party and, upon request of the producing party, must return the document or destroy it and certify to the producing party that it has been destroyed. Nothing in this Stipulation and Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

9. If the producing party determines that a document produced (or any part thereof) is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege ("privilege notice").

10. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

11. Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed. The receiving party must sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

12. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The document(s) shall be sequestered and not be used by the receiving party in the litigation (*e.g.*, filed as an exhibit to a pleading or used in deposition) while the dispute is pending. If the parties are unable to reach an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

13. Pending resolution of such judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

## IV.  **Miscellaneous Provisions**

14. This Stipulation and Order has no effect upon, and shall not apply to, any party's use of any document or other information developed or obtained independent of discovery in this action for any purpose, provided that the production of the document or information by any such source to the receiving party shall not be known by the receiving party, after due inquiry, to be in violation of any confidentiality obligation.

15. Nothing in this Stipulation and Order shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

16. Any party may apply to the Court at any time, upon proper notice, for a modification of this Stipulation and Order with respect to the handling or designation of any document or for any other purpose.

17. This Stipulation and Order shall be binding upon any present and future party to this action.

18. This Stipulation and Order shall be effective and enforceable upon signature by
counsel and endorsement by the Court.

**SO ORDERED.**

Dated: _7/31/209_, 2019

George J. Hazel
United States District Court Judge

Dated: July 31, 2019

Respectfully submitted,

*/s/ Steven Schulman*
Steven Schulman (D. Md. 17144)
Caroline L. Wolverton (pro hac vice)
Jillie B. Richards (pro hac vice)
AKIN GUMP STRAUSS HAUER & FELD, LLP
2001 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 887-4000
Fax: (202) 887-4288
sschulman@akingump.com

*Attorneys for Plaintiff CASA de Maryland, Inc.*


*/s/ Dennis A. Corkery*
Dennis A. Corkery (D. Md. 19076)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND
URBAN AFFAIRS
11 Dupont Circle, Suite 400
Washington, DC 20036
(202) 319-1000
matthew_handley@washlaw.org
dennis_corkery@washlaw.org


*Attorneys for Plaintiffs Jose E. Guevara,
Juan Rodriguez, and Luis Andrade*

JOSEPH H. HUNT
Assistant Attorney General
JOHN R. TYLER
Assistant Branch Director

*/s/ Adam Kirschner*
ADAM KIRSCHNER
IL Bar No. 6286601
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 353-9265
Fax: (202) 616-8470
Email: Adam.Kirschner@usdoj.gov
*Counsel for Defendants*