IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| CASA de MARYLAND, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DONALD J. TRUMP, in his official capacity ) <br> as President of the United States, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. GJH-18-cv-845 |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL RECONSIDERATION**

Defendants' Opposition does not dispute the merits of Plaintiffs' argument that this Court's rejection of Plaintiffs' Administrative Procedure Act ("APA") claim insofar as it is based on reliance interests is at odds with the Supreme Court's recent decision in *Department of Homeland Security v. Regents of the University of California* ("*Regents*"), 140 S. Ct. 1891 (2020). Defendants' contradictory assertions that "there is nothing to reconsider" but that Plaintiffs can argue on summary judgment that *Regents* "informs" their APA claim, Defs.' Opp'n at 1 (ECF No. 73, July 30, 2020), present no reason why the Court should not reconsider its prior ruling now.

In fact, reconsideration now is appropriate because, as it stands, this Court's November 28, 2018 ruling is in direct conflict with the *Regents*' holding that the APA requires the government to consider reliance interests before rescinding a longstanding policy. 140 S. Ct. at 1913. As a consequence, Plaintiffs' ability to obtain discovery regarding the rejected portion of their APA claim is uncertain, as Defendants could object on the ground that such discovery is not relevant in light of the Court's ruling.

Defendants' contention that there is nothing to reconsider cannot be reconciled with the Court's earlier ruling, which unequivocally dismissed Plaintiffs' APA claim insofar as it contends that the government erred in terminating El Salvador's Temporary Protected Status ("TPS") without considering the reliance of TPS beneficiaries on the government's longstanding policy of considering contemporary country conditions. *CASA de Maryland v. Trump*, 355 F. Supp. 3d 307, 328 (D. Md. 2018) (ECF No. 43). The Memorandum Opinion concluded that the Court "will not entertain this theory." *Id.*

Defendants' erroneous assertion that the Court did not dismiss Plaintiffs' claim concerning reliance interests conflates that part of the APA claim with Plaintiffs' separate argument that the APA precludes Defendants' abrupt and unexplained change of policy. Defs.' Opp'n at 3. They are two separate contentions, as the Court recognized in analyzing them in separate paragraphs of its November 2018 Memorandum Opinion. *See CASA*, 355 F. Supp. 3d at 328. The Court rejected the APA claim insofar as it contends that Defendants erred in failing to account for TPS beneficiaries' reliance interests when deciding whether to extend or terminate TPS. *Id*. That is the ruling that is now in conflict with *Regents*. The Court did not reject the APA claim to the extent it asserts that Defendants erred in suddenly and without explanation changing the practice of considering contemporary conditions. *CASA*, 355 F. Supp. 3d at 328.

Reconsideration is the proper mechanism to quickly remedy the conflict between the Court's rejection of Plaintiffs' APA claim insofar as it based on failure to consider reliance interests and the Supreme Court's subsequent holding in *Regents*. *See Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). The Court should grant Plaintiffs' motion for reconsideration, and it should deny Defendants' motion to dismiss Plaintiffs' APA claim insofar as it contends that

2

the termination of El Salvador's TPS is arbitrary and capricious for failure to consider reliance interests.

Respectfully submitted,

/s/ Anthony T. Pierce
Anthony T. Pierce (D. Md. 13321)
Steven Schulman (D. Md. 17144)
Caroline L. Wolverton (pro hac vice)
Jillie B. Richards (pro hac vice)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 887-4000
Fax: (202) 887-4288
apierce@akingump.com

*Attorneys for Plaintiff CASA de Maryland, Inc.*

/s/ Dennis A. Corkery
Dennis A. Corkery (D. Md. 19076)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND
URBAN AFFAIRS
700 14th St., N.W.
Washington, D.C. 20005
(202) 319-1000
matthew_handley@washlaw.org
dennis_corkery@washlaw.org

Dated: August 13, 2020

*Attorneys for Plaintiffs Jose E. Guevara, Juan Rodriguez, and Luis Andrade*